# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEEN RIVERS, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-0071 |
| | : | |
| NATALIE FRAVEL, *et al.*, | : | |
|    *Defendants*. | : | |

## **MEMORANDUM**

**PAPPERT, J.**                                                                    **FEBRUARY 24, 2020**

Plaintiff Rasheen Rivers filed this civil rights action against Natalie Fravel (identified in the Complaint as the Delaware County Clerk), Anne M. Coogan (identified as a Records Department employee of GEO Group at the George W. Hill Correctional Facility), Pennsylvania State Probation and Parole Records Department Staff Agent Culey, Curley (identified as a Correctional Officer at SCI Phoenix), Dagger (identified as a Correctional Officer at SCI Phoenix), and GEO Medical Department. Rivers asserts claims concerning an allegedly improper sentence calculation and missing time credit. Rivers also seeks leave to proceed i*n forma pauperis*. For the following reasons, the Court will grant Rivers leave to proceed *in forma pauperis* and dismiss his Complaint.

I

The allegations in Rivers's Complaint are brief. He claims that his "county time" wasn't sent to the state records department. (ECF No. 2 at 3.)[1] Specifically, Rivers asserts that his time in custody at George W. Hill Correctional Facility was calculated

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

incorrectly following the determination of Judge Kevin F. Kelly of the Delaware County Court of Common Pleas that all county credit was "to go towards sentence." (*Id.*) Because of this alleged error, Rivers contends that he was "held on parole custody longer without a new case to interupt [sic] any good time on one of my charges on original sentence." (*Id.*) Rivers further avers that "Natalie Fravel's error" in failing to follow Judge Kelly's sentence caused the State Probation and Parole Department to "deprive [his] freedom which violates [his] Constitutional Right." (*Id.*) Rivers seeks "$5,000 a day of monetary compensation based on welfare, loss of liberty and deprivation of civil rights under the 4th Amendment" because "time credit was not sent by Natalie Fravel [to] the Parole Staff's Agent Supervisor – forc[ing] additional punishment" upon him. (*Id.* at 4.)

Public dockets indicate that Rivers was sentenced on March 13, 2013 by Judge Kelly to a minimum of twenty-five and a maximum of sixty months incarceration for manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance. Rivers was also sentenced to a term of five years probation for criminal attempt, which was to be served consecutively to confinement. *See Commonwealth v. Rivers*, Docket No. CP-23-CR-0006706-2012 (Delaware Cty. Court of Common Pleas).

II

The Court will grant Rivers leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fee to commence the civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*,

184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Furthermore, the Court may also consider matters of public record when evaluating whether a complaint states a claim. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Rivers is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court understands Rivers's claims to be based on his allegation that his criminal sentence was miscalculated by Defendants, causing him to serve time in prison and on parole in excess of the sentence imposed by Judge Kelly. As discussed below, however, Rivers's Complaint fails to set forth a claim for relief.

Rivers's claims regarding the improper calculation of his state sentence are not cognizable under § 1983 at this time. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, to the extent Rivers seeks to vacate his state sentence or requests relief in the form of credit towards his state sentence, he must pursue those claims in a *habeas* case, after exhausting state remedies, rather than a civil rights

3

action.  *See, e.g., Sanchez v. Walton*, Civ. A. No. 18-3415, 2018 WL 4689454, at *2 (E.D. Pa. Sept. 28, 2018) (holding that "any challenge to the calculation of Sanchez's sentence may only be pursued in federal court by filing a petition for a writ of habeas corpus").

IV

For the foregoing reasons, the Court will grant Rivers leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Rivers will not be permitted to file an amended complaint, as he cannot cure the defects in his claims.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  Rivers's Motion for Appointment of Counsel will be denied.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).  An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**